USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE ISMAEL VENTURA,

                Petitioner,

- against -

UNITED STATES OF AMERICA,

                Respondent.

---

18-cv-9179 (JGK)
09-cr-1015 (JGK)

MEMORANDUM OPINION &
ORDER

**JOHN G. KOELTL, District Judge:**

The petitioner, Jose Ismael Ventura, is serving a life sentence. He seeks leave to file an amended motion pursuant to 28 U.S.C. § 2255 to add additional instances of alleged ineffective assistance of trial and appellate counsel that were not alleged in his original petition. While his original petition was filed by counsel, he attempts to assert the new grounds on a pro se basis.

### I.

On July 1, 2015, the petitioner was convicted after a jury trial of one count of murder for hire in violation of 18 U.S.C. § 1958, one count of conspiracy to commit murder for hire in violation of 18 U.S.C. § 1958, and one count of murder while engaged in a continuing criminal enterprise in violation of 21 U.S.C. § 848(e)(1)(A). He was sentenced to life imprisonment on the first two counts, and twenty years imprisonment on the third count, all to run concurrently.

The petitioner's conviction was affirmed by the Second Circuit Court of Appeals. See United States v. Lafontaine, 673 F. App'x 81 (2d Cir. 2016). The petitioner filed a petition for a writ of certiorari, which was denied on October 10, 2017. See Ventura v. United States, 138 S. Ct. 317 (2017).

With the assistance of counsel, the petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on October 4, 2018, alleging that his trial and appellate counsel rendered ineffective assistance. The petitioner now moves, on a pro se basis, to amend his original § 2255 petition to add additional examples of the alleged ineffective assistance of counsel.

**II.**

A motion to amend a § 2255 petition is analyzed under the standards of Federal Rule of Civil Procedure 15(a). See Thompson v. United States, No. 16cv3468, 2017 WL 2666115, at *2 (S.D.N.Y. June 19, 2017). Under Rule 15(a), leave to amend should be freely granted when justice requires. Foman v. Davis, 371 U.S. 178, 182 (1962); Nerney v. Valente & Sons Repair Shop, 66 F.3d 25, 28 (2d Cir. 1995). Leave to amend can be denied upon a showing of a proper reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

2

prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman, 371 U.S. at 182.

There is the possibility that amendment would be futile because the arguments the petitioner seeks to add may be barred by the statute of limitations found in 28 U.S.C. § 2255(f), which expired on October 10, 2018. However, the Government does not contend that amendment would be futile, and whether the petitioner's new claims would be barred by the statute of limitations cannot be decided on the current motion, particularly in view of the fact that the petitioner argues that equitable tolling applies.

Rather, the only opposition presented by the Government is that the petitioner is guilty of undue delay in pursuing his motion to amend. However, the Court may not deny a motion to amend on the basis of delay absent a showing of bad faith or undue prejudice. Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993); see also Reubens v. N.Y.C. Dep't of Juvenile Justice, 930 F. Supp. 887, 889 (S.D.N.Y. 1996). The Government has not argued that the petitioner is seeking amendment in bad faith or that the Government is prejudiced by the delay of about four months.

The petitioner argues that he has diligently pursued his claims, and that in light of his life sentence and the fact that there would be significant obstacles for him to bring a second

3

or successive habeas petition, see 28 U.S.C. § 2255(h), he should be allowed to amend his current petition to include the additional allegations of ineffective assistance of counsel.

Therefore, the petitioner's application to file an amended habeas petition pursuant to 28 U.S.C. § 2255 is **granted**. The petitioner's amended petition is due **60 days** from the date of this Order, and it should be filed by the petitioner's counsel. If there are any claims that counsel does not wish to include, they may be included in a pro se supplemental petition filed at the same time. The Government has **45 days** after the amended petition is filed to respond. The petitioner has **30 days** to reply.

## CONCLUSION

For the reasons stated above, the petitioner's motion to amend his habeas petition is **granted**. The Court has considered all of the arguments raised by the parties. To the extent they are not specifically addressed, they are either moot or without merit. The Clerk is directed to close the pending motion at 09cr1015, Docket No. 395.

**SO ORDERED.**

Dated:   New York, New York
         April 10, 2019

                                    _____
                                         John G. Koeltl
                                    United States District Judge